**Yesenia Escamilla GONZALEZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–74698.

United States Court of Appeals, Ninth Circuit.

Submitted May 15, 2006.*

Decided May 19, 2006.

Yesenia Escamilla Gonzalez, Los Angeles, CA, pro se.

CAC–District Counsel, Esq., Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, Edward C. Durant, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: B. FLETCHER, TROTT, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Yesenia Escamilla Gonzalez, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' summary affirmance of an immigration judge's denial of her application for cancellation of removal for failure to satisfy the continuous physical presence requirement of 8 U.S.C. § 1229b(b)(1)(A). Escamilla Gonzalez contends that the immigration judge erred in holding that two

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

departures to Mexico interrupted her continuous presence. We have jurisdiction under 8 U.S.C. § 1252. We grant the petition and remand for further proceedings.

We reject respondent's contention that Escamilla Gonzalez failed to exhaust administrative remedies. Her pro se notice of appeal to the Board raised the issue of continuous physical presence. *See* 8 U.S.C. § 1252(d)(1); *Ladha v. INS*, 215 F.3d 889, 903 (9th Cir.2000).

We also reject Escamilla Gonzalez's contention that the immigration judge erred in holding that her departures in 2000 interrupted her continuous presence when the judge also found that she entered the United States on December 20, 1989. Escamilla Gonzalez was required to establish ten years of continuous physical presence immediately preceding service of her notice to appear in January 2002. *See* 8 U.S.C. § 1229b(d)(1); *Garcia–Ramirez v. Gonzales*, 423 F.3d 935, 937 n. 3 (9th Cir. 2005) (per curiam).

Escamilla Gonzalez testified that she was stopped at the border when she attempted to reenter the United States in November 2000. She testified that she signed papers and her fingerprints were taken, but she was not photographed. Immigration officials escorted her back to Mexico. Several weeks later she again was stopped at the border. She was neither photographed nor fingerprinted. She testified that both times the officials told her she was being "deported," but on cross-examination she testified that they gave her "voluntary departure."

An alien who departs the United States pursuant to an administrative voluntary departure in lieu of deportation or removal proceedings interrupts his physical pres-

ence in this country. *Vasquez–Lopez v. Ashcroft*, 343 F.3d 961, 972 (9th Cir.2003) (per curiam). When an alien is simply "turned around at the border" by immigration officials, however, his departure does not interrupt his continuous physical presence. *Tapia v. Gonzales*, 430 F.3d 997, 1002–04 (9th Cir.2005) (finding no interruption even when alien was fingerprinted and information about his attempted entry was entered into government's computer database).

This is a pre-*Tapia* case. On the record before us, we cannot determine whether Escamilla Gonzalez received administrative voluntary departure under threat of deportation or removal. We therefore grant the petition and remand for further proceedings concerning the nature of Escamilla Gonzalez's contacts with immigration officials in 2000. *See Ibarra–Flores v. Gonzales*, 439 F.3d 614, 620 (9th Cir.2006).

**PETITION FOR REVIEW GRANTED; REMANDED.**